**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000463
22-MAR-2018
08:10 AM**

NO. CAAP-17-0000463

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE INTEREST OF L CHILDREN

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-S NO. 14-00220)

SUMMARY DISPOSITION ORDER
(By: Reifurth, Presiding Judge, Ginoza and Chan, JJ.)

Mother-Appellant (Mother) and Father-Appellant (Father) (collectively, Parents) separately appeal from the Order Terminating Parental Rights (TPR Order), entered on May 23, 2017, in the Family Court of the First Circuit (family court).[1] Among other things, Parents contest the family court's findings that they are unwilling and unable to provide their children, JL and GL (collectively, Children), with a safe family home, even with the assistance of a service plan, and will not become willing or able to do so in the reasonably foreseeable future.

On appeal, Mother contends that there was insufficient evidence that her substance-abuse problem compromised Children's safety, and that she was not given a reasonable opportunity to reunify with Children.

Father contends that the family court clearly erred in terminating his parental rights because (1) he completed all services, except for domestic violence classes, which he believed

_____

[1] The Honorable Linda S. Martell presided.

were inappropriate and had not been recommended in his psychological evaluation; (2) although he admitted to driving Children one block while drinking alcohol, there was no evidence that he was legally intoxicated when this occurred, and all of his urinalysis results were negative; (3) the court reversibly erred by holding a meeting with Children outside of his presence and failing to make a transcript of the meeting available to him; and (4) the court erroneously failed to await the outcome of his criminal trial, which would have shown he was a fit parent, before terminating his parental rights.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Parents' respective points of error as follows.

I.

Mother argues that there was insufficient evidence that her substance-abuse problem compromised Children's safety. We infer from Mother's argument that she contests Findings of Fact (FOFs) 68,[2] 123, and 124,[3] and Conclusions of Law (COLs) 9 and 10[4] in the family court's July 25, 2017 Findings of Fact and

---

[2] FOF 68 provides, "Mother does not believe that abusing illegal drugs impacts her ability to care for the Children. This shows lack of insight into how her illegal drug use negatively impacts her ability to care for the Children and make good decisions."

[3] FOFs 123 and 124 provide:

> 123. Mother is not presently willing and able to provide the Children with a safe family home, even with the assistance of a service plan.
> 124. It is not reasonably foreseeable that Mother will become willing and able to provide the Children with a safe family home, even with the assistance of a service plan, within a reasonable period of time not to exceed two years from the Children's date of entry into foster care.

[4] COLS 9 and 10 provide:

> 9. [Parents] are not presently willing and able to provide the Children with a safe family home, even with the assistance of a service plan.
> 10. It is not reasonably foreseeable that [Parents] will become willing and able to provide the Children with a safe family home, even with the assistance of a service plan, within a reasonable period of time.

2

Conclusions of Law (FOF/COL).[5]

Hawaii Revised Statutes (HRS) § 587A-7(a)(7) (Supp. 2017) ("Safe family home factors") provides that when determining whether to terminate parental rights, the family court must take into consideration "[w]hether there is a history of substance abuse by the child's family[.]" Based on the plain language of the statute, a parent's substance abuse is a safety concern. See In re Doe, 100 Hawai'i 335, 343 n.12, 60 P.3d 285, 293 n.12 (2002) (block quotation format and citations omitted) ("Where the language of a statute is plain and unambiguous, our only duty is to give effect to the statute's plain and obvious meaning."). Thus, the family court did not err in finding that Mother's substance-abuse problem posed a risk of harm to the Children.

Mother also maintains that she was not given a reasonable opportunity to reunify with Children but presents no discernible argument to this point, and thus it is waived. See HRAP Rule 28(b)(7) ("Points not argued may be deemed waived.").

We conclude that the family court did not err in determining that Mother was not willing and able to provide Children with a safe family home and that it was not reasonably foreseeable that Mother would become willing and able to provide the Children with a safe family home within a reasonable period of time. Therefore, FOFs 68, 123, and 124 are not clearly erroneous, and COLs 9 and 10 are not wrong.

II.

Father contests FOFs 111, 116, 119; 124, 125,[6] 126,[7] 128, 134,[8] and 141. With the exception of FOFs 125, 126 and 134,

---

[5] Counsel for Mother is cautioned to refer to the specific findings of fact(s) and conclusion(s) of law related to each issue on appeal. See Rule 28(b)(4)(C) of the Hawai'i Rules of Appellate Procedure (HRAP) and Rule 11(a)(3)(B) of the Rules Expediting Child Protective Appeals (RECPA).

[6] FOF 125 provides, "Under the circumstances presented in this case, Father was given every reasonable opportunity to effect positive changes to provide a safe family home and to reunify with the Children."

[7] FOF 126 provides, "Father is not presently willing and able to provide the Children with a safe family home, even with the assistance of a service plan.

[8] FOF 134 provides, "Under the circumstances presented by the instant case, [Department of Human Services (DHS)] has exerted reasonable and active efforts to avoid foster placement of the Children."

Father does not argue these points, and therefore, they are waived. See HRAP Rule 28(b)(7). Conversely, although Father does not argue that FOFs 88,[9] 127,[10] 135,[11] and 138[12] are clearly erroneous or COLs 9 and 10 are wrong, we infer from his arguments that he contests them.[13]

Father appears to contend that the family court clearly erred in finding that he had an unresolved alcohol-abuse problem because although he admittedly drove Children a short distance while under the influence of alcohol, there is no evidence he was legally intoxicated at the time (FOF 88). He adds that all of his urinalysis results were negative. We disagree.

Regardless of whether Father violated the law when he drove with Children while intoxicated, the incident showed that he had not resolved his alcohol-abuse issue, which continued to pose a risk of harm. Further, as the court found, and Father does not dispute, Father failed to appear for two urinalysis appointments, with an understanding that nonappearances were deemed positive results. Based on the foregoing, we conclude that FOF 88 is based on sufficient evidence and not clearly erroneous.

Father argues that the family court clearly erred in terminating his parental rights where he completed all services, except domestic violence education, which he believed was inappropriate and which was not recommended in his psychological

---

[9] FOF 88 provides, "Father suffers from . . . unresolved alcohol abuse issues."

[10] FOF 127 provides, "It is not reasonably foreseeable that Father will become willing and able to provide the Children with a safe family home, even with the assistance of a service plan, within a reasonable period of time not to exceed two years from the Children's date of entry into foster care."

[11] FOF 135 provides, "Under the circumstances presented by the instant case, DHS has exerted reasonable and active efforts to reunify the children with [Parents] by identifying necessary, appropriate, and reasonable services to address the identified safety issues, and making appropriate and timely referrals for these services."

[12] FOF 138 provides, "Each of the service plans offered by DHS and ordered by the Court was fair, appropriate, and comprehensive."

[13] Counsel for Father is cautioned to refer to the FOF(s) and COL(s) related to each issue on appeal. See HRAP Rule 28(b)(4)(C) and RECPA Rule 11(a)(3)(B).

evaluation. This argument appears to concern FOFs 134, 135, and 138. The record reveals that Father did not complete all DHS-recommended services. Further, the psychologists who evaluated him recommended that he address the domestic violence issue, and the family court found that his refusal to do so compromised his ability to provide a safe home. See HRS §§ 587A-7(a)(5) (Supp. 2017), (6) (Supp. 2017), (8) (Supp. 2017), (12) (Supp. 2017), & (13) (Supp. 2017). Based on the foregoing, we conclude that FOFs 134, 135, and 138 are not clearly erroneous.

Father appears to argue that the family court reversibly erred by terminating his parental rights based in part on the family court's May 10, 2017 meeting with Children (Meeting), which was held outside of his presence and without making the transcript of the Meeting available to him. The record reflects that Father and his counsel were present at the hearing on May 3, 2017, when the Children's Guardian Ad Litem asked if the family court would entertain meeting with the Children, and the family court agreed, set the date and time for the Meeting, and discussed the fact that the court recorded such meetings. The record does not reflect that Father ever objected to the Meeting, nor does the record reflect or Father argue that he made any effort to obtain transcripts from the Meeting and, thus, this argument is waived. See HRAP Rule 28(b)(4) (a party must indicate in the points of error section of the opening brief where an alleged error was objected to, and "[p]oints not presented in accordance with this section will be disregarded.").

Father appears to argue that the TPR Order is based on insufficient evidence because the family court erroneously failed to await the outcome of his criminal trial before issuing it. However, he does not explain how the outcome of the trial would have shown he was able and willing to provide a safe home or would become able and willing to do so within a reasonable amount of time. This point is waived. See HRAP Rule 28(b)(7).

Regardless, assuming *arguendo* that the family court erred by failing to consider the outcome of the trial, the error was harmless. Even omitting the evidence, there was sufficient evidence to support the TPR Order. See In re Doe, 95 Hawai'i

183, 190, 20 P.3d 616, 623 (2001) (a family court's conclusions regarding a child's care, custody, and welfare must stand on appeal if supported by the record and not clearly erroneous). Therefore, we conclude that FOFs 125-127 are not clearly erroneous and COLs 9 and 10 are not wrong.

III.

Therefore, IT IS HEREBY ORDERED that the Order Terminating Parental Rights, entered on May 23, 2017, in the Family Court of the First Circuit, is affirmed.

DATED:  Honolulu, Hawai'i, March 22, 2018.

On the briefs:

Herbert Y. Hamada,
for Father-Appellant.

Jacob G. Delaplane,
for Mother-Appellant.

Asami M. Williams,
Julio C. Herrera and
Jay K. Goss,
Deputy Attorneys General,
for Petitioner-Appellee.

Presiding Judge

Associate Judge

Associate Judge